## UNITED STATES of America, Plaintiff-Appellant,

v.

## Stanley A. BOYD and Hazel Boyd, Defendants-Appellees.

### No. 71-1459.

United States Court of Appeals, Sixth Circuit.

April 25, 1972.

Eva R. Datz, Atty., Dept. of Justice, Washington, D. C., for plaintiff-appellant; Shiro Kashiwa, Asst. Atty. Gen., Edmund B. Clark, Atty., Dept. of Justice, Washington, D. C., John Milanowski, U. S. Atty., Robert C. Greene, Asst. U. S. Atty., Grand Rapids, Mich., on brief.

Edward G. McNamara, Jr., St. Ignace, Mich., for defendants-appellees.

Before PHILLIPS, Chief Judge, and WEICK and MILLER, Circuit Judges.

WEICK, Circuit Judge.

The United States filed its complaint against the Boyds in the District Court

---

to quiet title to and to obtain possession of about thirty acres of land in Township 41 North, Range 5 West in Mackinac County, Michigan, in Hiawatha National Forest.

The title claimed by the Boyds to the premises originated in a patent issued to Cyrenius Petty by the United States on February 1, 1849, being Certificate No. 48, and by mesne conveyances to Boyd's grantors, Louis and Elizabeth Bolan. The patent described the premises as follows:

"The Fractional Section Twenty-Six, in Township Forty-One, North of Range Five, West, in The District of Lands Subject to Sale at Sault Ste Marie, Michigan, Containing Twenty-Nine Acres, and Fifty hundredths of an Acre, according to the official plat of the survey of the said Lands, returned to the General Land Office by the Surveyor General . . .."

The patent was issued by President James K. Polk and was recorded in the General Land Office.

A fractional section is one where water has invaded a portion thereof.

The official plat was approved on August 29, 1845, by the Surveyor General as being strictly conformable to the field notes of the survey. There is no contention that the plat was inaccurate.

The plat shows the tract of 29.50 acres as abutting on Lake Michigan at the western part of Point Aux Chenes Bay, which bounds it on the south and east; the bay then extends north into fractional section 23 of the Township, on the section's south, and curves around into fractional section 25 on the section's west. At the time of issuance of the patent, the Government owned all of the land adjacent to the bay. The plat shows the meander line of the lake as extending around the southerly and easterly portion of the 29.50-acre tract in a curve through the southerly portion of Fractional Section 23 and Section 24 and the westerly portion of Fractional Section 25. According to the plat, section 26 is shown as ending at the meander line abutting the 29.50-acre tract and as not extending across the waters of the bay. The plat does not show any land located in the waters of the bay east of the 29.50-acre tract, but the surveyor's field notes from which the plat was prepared, indicate, and the District Court found, that there was an insubstantial sliver of land located to the south of the meander corner point of Sections 23, 24 and 25, and within Section 26 if its line had been extended to said corner point. This sliver was estimated to be about 150 square feet or .003 of an acre, and the only thing substantial thereon was one tree. The sliver of land was apparently so small that it was considered to be of little or no value, being sandy and in a swampy area, and it was not shown on the plat. This sliver of land was located across the waters of the bay about five-eighths of a mile east of the 29.50-acre tract, and was to the south of the corner point of Sections 23, 24, 25 and 26 if the line of said Section 26 had been extended; and this sliver was not surveyed.

In the years which intervened between the date of the patent and the date of the deed to the Boyds, there was an accretion of land lakeward with the result that the sliver now consists of more than thirty acres. Boyds' grantors, the Bolans, became the owners of the 29.50-acre tract which Petty had purchased from the Government for from $1.25 to $2.00 an acre, and claimed to be the owners of an additional thirty acres by accretion to the sliver. Bolans sold to Boyds only the accretion to the sliver, and retained the 29.50-acre tract. The Boyds built a cottage on the property and also constructed a road to the main highway.

The Government contended that the patent to Petty conveyed only the 29.50-acre tract shown on the recorded plat and nothing else, and that the Boyds' grantors, the Bolans, had no title to the accreted lands to convey to the Boyds. It is noteworthy that while the patent to Petty describes the premises according to the plat, the conveyance

from the Bolans to the Boyds describes the accreted premises according to metes and bounds as follows:

> "Commencing at an iron monument planted at the Section corners common to Sections 23, 24, 25 and 26 T. 41 N., R. 5 W.; thence North 87° 54′ West 180.55 feet to an iron pipe 1¼ inches in diameter and 3 feet long planted on line between Section 23 and Fractional Section 26 as the point of beginning; thence South 55° 16′ East 218 feet; thence South 0° 30′ West 1,165 feet to shore of Lake Michigan; thence North 50° 29′ West 836.35 feet; thence North 64° 55′ West 1,389.6 feet; thence North 73° 48′ West 571.8 feet; thence North 82° 45′ West 1,033.7 feet; thence South 87° 54′ East 3,312.15 feet to the point of beginning."

The District Court, in an oral opinion delivered at the close of the Government's evidence, granted Boyds' motion to dismiss, holding that the Government intended to convey the sliver to Petty and that the Boyds, as successors in interest of Petty, have title to the sliver and all accretion thereto. The Government appealed. We reverse.

It will be noted at the outset that the patent to Petty conveyed the premises according to the plat and consisting of 29.50 acres. It did not say more or less. The plat shows only water in the bay to the east of the 29.50-acre tract, and no land.

■ It is clear that federal law governs as to the construction of the patent and the quantum of the premises which it purported to convey. Hughes v. Washington, 389 U.S. 290, 88 S.Ct. 438, 19 L.Ed.2d 530 (1967); Borax Consolidated, Ltd. v. Los Angeles, 296 U.S. 10, 56 S.Ct. 23, 80 L.Ed. 9 (1935); United States v. Oregon, 295 U.S. 1, 55 S.Ct. 610, 79 L.Ed. 1267 (1935).

■ The patent to Petty conveyed title only to the edge of the lake. Scott v. Lattig, 227 U.S. 229, 244, 33 S.Ct. 242, 57 L.Ed. 490 (1913), following St. Paul

& P. Railroad Co. v. Schurmeir, 74 U.S. 272, 19 L.Ed. 74 (1868).

Scott v. Lattig involved the title to an island which was omitted from both the survey and plat of lands adjacent to a navigable river. Referring to the island, the Court said:

> "Of course, the error in omitting it from the survey did not divest the United States of the title, or interpose any obstacle to surveying it at a later time. Neither was the error calculated to induce purchasers of the fractional subdivisions on the east bank to believe that by paying for the 73.30 and 98.75 acres in those tracts they would get, respectively, 54.75 and 83.40 acres more on the island on the other side of the 300-foot channel. Horne v. Smith, 159 U.S. 40 [40 L.Ed. 68, 15 Sup.Ct.Rep. 988]; Niles v. Cedar Point Club, 175 U.S. 300, 306 [44 L.Ed. 171, 173, 20 Sup.Ct.Rep. 124]." (Id., 227 U.S. at 241–242, 33 S.Ct. at 243).

In United States v. Severson, 447 F.2d 631 (7th Cir. 1971), the Court followed Scott v. Lattig, supra, and held, contrary to Wisconsin law, that the patents there involved did not convey to the patentees title to unsurveyed islands in the Mississippi River.

■ But there is another reason why the Boyds cannot prevail here. The plat showed that Lot 1 of Section 23 and Lot 1 of Section 25, title to which is in the United States, extended to the edge of the lake. As a riparian owner, the Government became the owner of the accretions to said lots. Hughes v. Washington, supra. These accretions include the thirty acres claimed by the Boyds. To vest title to the thirty acres in the Boyds would destroy the Government's right of access to the lake as a riparian owner of Lots 1 in Sections 23 and 25.

We can hardly infer any intent on the part of the Government to convey any such interest to Boyds' predecessor in title, Petty, since all the land actually conveyed by the patent was located on the other side of the bay. The sliver of

land at that time would have been of no value to the 29.50-acre tract, but might have been of some value to Lots 1 of Sections 23 and 25.

It follows that the Government proved title to, and the right to possession of, the premises described in the complaint. The District Court erred in granting the defendants' motion to dismiss.

The judgment of the District Court is reversed and the cause is remanded for further proceedings consistent with this opinion.